Steven M. Rogers (13854)
Nicholas R. Russell (15018)
Rogers & Russell, PLLC
170 S. Main Street
Pleasant Grove, UT 84062
(801) 899-6064 phone
(801) 210-5388 fax
paralegal@roruss.com
Attorneys for Debtor(s)

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| In re: | Case No. 21-24880 |
|---|---|
| Leticia Gonzalez | Chapter 13 |
| Debtor. | Hon. Joel T. Marker |

**NOTICE OF PRECONFIRMATION MODIFICATION TO CHAPTER 13 PLAN**

**PLEASE TAKE NOTICE** that Debtor(s) filed with the United States Bankruptcy Court for the District of Utah a request to modify the previously filed Chapter 13 Plan under 11 U.S.C. § 1323. The Debtor(s) moves the Court for confirmation of the Plan as modified without further notice and hearing.

1. In support thereof, Debtor represents as follows:

| Plan Part No. | **PREVIOUSLY FILED PLAN PROVISION** |
|---|---|
| 2.3 | **Income tax refunds.** *Check one.* <br> ☐ Debtor(s) will retain any income tax refunds received during the plan term. <br> ☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term. <br> ☒ Debtor(s) will treat income refunds as follows: <br> The following tax years are proposed to be contributed **2021, 2022, 2023**. On or before April 30 of each applicable year, debtors shall provide the Trustee with a copy of the first two pages of filed state and federal tax returns. Any required tax refund contributions shall be paid to the Trustee no later than June 30 of the year the applicable return is |

| | |
|---|---|
| | filed. |
| | The Debtors are authorized to retain any Earned Income Credit and/or Additional Child Tax Credit as they are excluded from the disposable income analysis under 1325(b)(1) as being necessary for maintenance and support of the Debtors. |
| | The Debtors shall contribute any refund attributable to over-withholding of income tax that exceeds $1,000.  However, debtors are not obligated to pay tax overpayments that have been properly offset by a taxing authority.  Tax refunds paid into the plan may reduce the plan term to no less than the Applicable Commitment Period, but in no event shall the amount paid into the Plan be less than thirty-six (36) or sixty (60) Plan Payments plus all annual tax refunds required to be paid into the plan. |
| | For the first tax year contribution **2020**, the Trustee will determine if the section 1325(a)(4) best interest of creditors test has been satisfied and will provide to counsel for the Debtor(s) a calculation of the required pot amount.  If a pot to unsecured creditors is required, the Debtor(s) will have thirty (30) days from receipt of such calculation to file a motion to modify the plan to provide for the required return to unsecured creditors or to stipulate to an order modifying the plan, which order will be prepared by the Trustee.  The Debtor(s) must satisfy plan feasibility through either increased monthly plan payments or the turnover of a lump sum contribution of the current tax refund.  If a lump sum contribution is elected, the Trustee is not required to segregate such lump sum contribution and pay it immediately to unsecured creditors, but instead shall disburse such lump sum contribution in accordance with the Order of Distribution set forth in Local Rule 2083-2(e).  If the Debtor(s) fail to file a motion to modify, the Trustee will move to dismiss the Debtor(s)' case.  The Debtor shall contribute any refund attributable to overwithholding of wages that exceeds $1,000. |
| | **PLAN AS MODIFIED** |
| 2.3 | **Income tax refunds.**  *Check one.*  ☐ Debtor(s) will retain any income tax refunds received during the plan term.  ☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.  ☒ Debtor(s) will treat income refunds as follows:  The following tax years are proposed to be contributed **2021, 2022, 2023**.  On or before April 30 of each applicable year, debtors shall provide the Trustee with a copy of the first two pages of filed state and federal tax returns.  Any required tax |

| | |
|---|---|
| | refund contributions shall be paid to the Trustee no later than June 30 of the year the applicable return is filed. |
| | The Debtors are authorized to retain any Earned Income Credit and/or Additional Child Tax Credit as they are excluded from the disposable income analysis under 1325(b)(1) as being necessary for maintenance and support of the Debtors. |
| | The Debtors shall contribute any refund attributable to over-withholding of income tax that exceeds $1,000.  However, debtors are not obligated to pay tax overpayments that have been properly offset by a taxing authority.  Tax refunds paid into the plan may reduce the plan term to no less than the Applicable Commitment Period, but in no event shall the amount paid into the Plan be less than thirty-six (36) or sixty (60) Plan Payments plus all annual tax refunds required to be paid into the plan. |
| | For the first tax year contribution **2021**, the Trustee will determine if the section 1325(a)(4) best interest of creditors test has been satisfied and will provide to counsel for the Debtor(s) a calculation of the required pot amount.  If a pot to unsecured creditors is required, the Debtor(s) will have thirty (30) days from receipt of such calculation to file a motion to modify the plan to provide for the required return to unsecured creditors or to stipulate to an order modifying the plan, which order will be prepared by the Trustee.  The Debtor(s) must satisfy plan feasibility through either increased monthly plan payments or the turnover of a lump sum contribution of the current tax refund.  If a lump sum contribution is elected, the Trustee is not required to segregate such lump sum contribution and pay it immediately to unsecured creditors, but instead shall disburse such lump sum contribution in accordance with the Order of Distribution set forth in Local Rule 2083-2(e).  If the Debtor(s) fail to file a motion to modify, the Trustee will move to dismiss the Debtor(s)' case.  The Debtor shall contribute any refund attributable to overwithholding of wages that exceeds $1,000. |

| | **PREVIOUSLY FILED PLAN PROVISION** |
|---|---|
| 5.1 | **Nonpriority unsecured claims not separately classified.** |
| | Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.* |
| | ☒  The sum of $   **0.00**   . |
| | ☐  _____% of the total amount of these claims, an estimated payment of $_____. |
| | ☐  The funds remaining after disbursements have been made to all other creditors provided for in this plan. |
| | If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid |

| | | |
|---|---|---|
| | | approximately $ __0.00__ . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount. |
| | **PLAN AS MODIFIED** | |
| 5.1 | **Nonpriority unsecured claims not separately classified.** | |
| | Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.* ☒ The sum of $ **$1,882.00** . ☐ ____% of the total amount of these claims, an estimated payment of $____. ☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan. If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ __1,882.00__ . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount. | |

| Plan Part No. | **PREVIOUSLY FILED PLAN PROVISION** | |
|---|---|---|
| 8.1 | **Check "None" or List Nonstandard Plan Provisions** | |
| | ☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.* | |
| | a. Applicable Commitment Period | Pursuant to §1325(b)(4), as calculated under Part II of Form 122C, the Applicable Commitment Period for this case is **36 Months**. |
| | b. Direct Payment of Claims | NONE |
| | c. Adequate Protection Payments | NONE |
| | d. Local Rules Incorporated | The Local Rules of Practice of the United States Bankruptcy Court for the District of Utah are incorporated by reference in the Plan. |
| | e. Attorney fees | Debtor(s) attorney prays for an award of attorney fees in the amount of the presumptive fee for this case as per published chamber procedures which is **$3,750.00, with counsel having received a retainer of $590.00.** |
| | **PLAN AS MODIFIED** | |
| 8.1 | **Check "None" or List Nonstandard Plan Provisions** | |
| | ☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.* | |
| | a. Applicable Commitment Period | Pursuant to §1325(b)(4), as calculated under Part II of Form 122C, the Applicable Commitment Period for this case is **36 Months**. |
| | b. Direct Payment of Claims | NONE |
| | c. Adequate Protection Payments | NONE |
| | d. Local Rules Incorporated | The Local Rules of Practice of the United States Bankruptcy Court for the District of Utah are incorporated by reference in the Plan. |
| | e. Attorney fees | Debtor(s) attorney prays for an award of attorney fees in the amount of the presumptive fee for this |

|  |  |  | case as per published chamber procedures which is **$3,750.00, with counsel having received a retainer of $0.00.** |
|---|---|---|---|

2. The modification does not otherwise materially impact other secured, priority, or nonpriority unsecured creditors. The proposed plan, with the modification, satisfies the requirements of Section 1322 and 1325 of the Bankruptcy Code.

3. Under § 1323(c), any holder of a secured claim that has accepted or rejected, as the case may be, the prior plan is deemed to have accepted or rejected the plan as modified, unless the modification provides for a change in the rights of such holder from what such rights were under the plan before modification, and changes such holder's pervious acceptance or rejection.

THEREFORE, because the modification does not require notice to creditors, Debtor requests the Bankruptcy Court to confirm the plan as modified without further notice or hearing.

Dated: 7/26/2022

/s/_____
Steven M. Rogers
Attorney for Debtor(s)

**CERTIFICATE OF SERVICE – BY NOTICE OF ELECTRONIC FILING (CM/ECF)**

I hereby certify that on ***July 26, 2022*** I electronically filed the foregoing Motion to Modify Plan Pre-Confirmation with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users and will be served through the CM/ECF system.

- **Bryant Thomas Hinckley**   *bhinckley@agutah.gov*
- **Lon Jenkins tr**   *ecfmail@ch13ut.org, lneebling@ch13ut.org*
- **Steven M. Rogers**   *srogers@roruss.com, nrussell@roruss.com;rorusslaw@gmail.com;paralegal@roruss.com;la@roruss.com*
- **United States Trustee**   *USTPRegion19.SK.ECF@usdoj.gov*

## CERTIFICATE OF SERVICE – MAIL, OTHER

I hereby certify that on *July 26, 2022* I caused to be served a true and correct copy of the foregoing Motion to Modify Plan Pre-Confirmation as follows:

**Mail Service - By regular first class United States mail, postage fully pre-paid, addressed to:**
*-NONE-*

**Mail Service to Entire Matrix – By regular first class United States mail, postage fully pre-paid, addressed to all parties who did not receive electronic service as set forth herein listed on the Official Court Mailing Matrix dated July 26, 2022 attached hereto.**
*-NONE-*

/s/

Logan Marx

Paralegal